IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MATTHEW AND STEPHANIE WALKER,**

    **Plaintiff**

v.

Case No.
Hon.
Magistrate Judge:

**ALLIED SERVICING CORPORATION**

    **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MATTHEW AND STEPHANIE WALKER (Hereinafter termed "Plaintiff" or "Walker"), by and through their Attorneys, The Law Offices of Brian P. Parker, P.C. against Defendant ALLIED SERVICING CORPORATION (Hereinafter referred to as "Defendant" or "Allied") and state in their Complaint that:

### I. PRELIMINARY STATEMENT

1. The Plaintiffs allege that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq., Such violative collection practices include, *inter alia*, sending consumers written communications that:

   (a) make false, deceptive, and misleading representations regarding the name of the creditor to whom the debt is owed in its mortgage debt collection letters in violation of 15 U.S.C. §§ 1692g(a)(2); and

   (b) Not providing Plaintiff information on the debt amount and creditor as required by 15 U.S.C. §§ 1692g(a)(1) and 15 U.S.C. §§ 1692g(a)(2).

(c) Not providing Plaintiff the Federal Verification and Dispute Notice required by 15 U.S.C. §§ 1692g or the fact that the Defendant is a debt collector under 15 U.S.C. §§ 1692e(11) or that they obtained the debt while it was in default under § 1692a(6)(F)(iii).

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. 15 U.S.C. §1692g requires that initial letters disclose the actual owner of the loan, not a master servicer, agent or similar party claiming the right to payment on behalf of the owner. *Bourff v. Rubin Lublin LLC*, 674 F.3d 1238 (11th Cir. 2012); *Wallace v. Washington Mutual Bank FA*, 683 F.3d 323 (6th Cir. 2012).

4. Section 1692(g)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D. N.Y. 2013).

5.      If the required information is not communicated to the debtor, or if it is provided in a manner that is "confusing" to the consumer, §1692g has been violated. *McMillan v Collection Professionals, Inc.*, 455 F.3d 754 (7th Cir. 2006).

6.      "We are persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way. *Tourgeman v Collins Financial Services, Inc.*, Court of Appeals, 9th Circuit, (June 25, 2014).

7.      Section 1692g(a)(1) requires the "amount of the debt" to be stated in the initial letter. This requires the entire amount the collector is authorized to collect at the time a collection demand is sent to be stated. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) (not sufficient to state that unpaid principal balance of residential mortgage loan was $178,844.65, and that this did not include unspecified accrued but unpaid interest, unpaid late charges, escrow advances, and other charges authorized by loan agreement).

8.      The "amount of the debt" is the amount currently sought by the debt collector. If the debt collector is attempting to collect the past due portion of an unaccelerated debt, the "amount of the debt" is the past due portion, not the whole debt. *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007); *Castro v. Green Tree Servicing*, 10cv7211, 2013 WL 4105196 (S.D.N.Y., Aug. 14, 2013); *Adlam v. FMS, Inc.*, 09 Civ. 9129, 2010 WL 1328958 (S.D.N.Y., April 5, 2010).

9.      The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was

assigned for servicing before the default or alleged default occurred. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-8 (6th Cir. 1996); see also *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). *Bridge v. Ocwen* Federal Bank, Et Al., 681 F.3d 355 (6th Cir. 2012).

10. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

11. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

12. The Regulation of Collection Practices Act, codified at MCL 445.251 et seq., mirrors the FDCPA regarding debt collection practices by "regulated persons" in the State of Michigan. The Michigan Collection Practices Act applies to TROTT, and a range of other Servicers/Debt collectors as "Regulated persons." Persons regulated under the act are defined as follows:

> (g) "Regulated person" means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency.
>
> A regulated person shall not commit 1 or more of the following acts:

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

i. The legal status of a legal action being taken or threatened.

ii. The legal rights of the creditor or debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

13. Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co., LLC*, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

14. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## II. PARTIES

15. Plaintiff is a natural person and consumer.

16. At all times relevant to this complaint, Plaintiffs resided in the City of Hudsonville, County of Ottawa, State of Michigan.

17. At all times relevant to this complaint, Defendant Allied is a foreign corporation and a debt collector that is engaged in the business of using the mails and telephone to collect mortgage

debts originally owed to others under the FDCPA and *Bridge v. Ocwen* Federal Bank, Et Al., 681 F.3d 355 (6th Cir. 2012) as the Defendant received the debt while the debt was in default.

### III. JURISDICTION & VENUE

18. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

19. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district.

### IV. FACTS CONCERNING PLAINTIFF

21. The FDCPA offers a mandatory guide for debt collectors to provide the dispute notice to consumers at 15 U.S.C. § 1692g:

> **(a) Notice of debt; contents**
>
> ***Within five days after the initial communication with a consumer*** in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> **(1) *the amount of the debt*;**
> **(2) *the name of the creditor to whom the debt is owed*;**
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts (emphasis added to show what is missing in the letter from Trott)

22. That Plaintiff received a letter from Defendant Allied on July 24, 2016 announcing that it was the new servicer of the debt and would be collecting payments from Plaintiff. **Please see Exhibit 1**.

23. That the letter at **Exhibit 1** did not provide the Plaintiff her Verification or Dispute rights under the FDCPA. Further, there was no indication of the name of the creditor or the debt amount that was owed to Defendant Allied.

24. The alleged debt being collected by Allied is a "debt" as defined by 15 U.S.C. §1692a (5).

25. The alleged debt is a "consumer debt" as defined by the RCPA under MCL 445.251(a).

26. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

27. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by the RCPA under MCL 445.251(d).

28. The letter from Allied at **Exhibit 1**, does not provide the following required "Mini-Miranda notification" required under 15 U.S.C. §§ 1692e(11):

> THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

29. Further, there was no Verification or Dispute Notice giving the Plaintiff 30 Days to seek validation under 15 U.S.C. §§ 1692g such as this by example:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request validation from this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

30. Defendant Allied is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by defined by the RCPA under MCL 445.251(b) when it receives a debt for servicing that is already in default under *Bridge v.*

*Ocwen* Federal Bank, Et Al., 681 F.3d 355 (6th Cir. 2012) and § 1692a(6)(F)(iii).

31.     The Letter at **Exhibit 1** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

32.     The Letter at **Exhibit 1** is a "communication" as defined by 15 U.S.C. § 1692a (2).

33.     The FDCPA mandates that, as part of notice a debt, a "debt collector" must "send the consumer a written notice containing"-along with other information-"the name of the creditor to whom the debt is owed[.]" 15 U.S.C. §1692g(a)(2).

34.     In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §692e. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1283 (11th Cir. 2012).

35.     Defendant Allied clearly violates the purpose of §1692g(a)(2), which is to identify the current owner of the debt. This is not listed in the letter at **Exhibit 1**.

36.     The correct identification of the creditor is mandated by Federal law in the first letter to consumers and important because consumers have different rights with respect to the creditor and servicer and a debt collector. 15 U.S.C. § 1692g(a)(2).

37.     Plaintiff is informed and believes, and on that basis alleges, that the Defendant has a policy and practice of sending consumers, such as Plaintiff, computer-generated, mass-produced, letters -- in the form of the Allied Letters at **Exhibit 1** without disclosing the creditor to whom the debt is owed and what debt is owed to Allied in violation of 15 U.S.C. §§ 1692e.

38.     Contrary to *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438, 441 (6th Cir) and in violation of 15 U.S.C. §1692e, the Defendant's written communications in

the form attached as **Exhibit 1** are false, deceptive, and misleading in that these communications neither disclose the creditor or the amount owed in violation of 15 U.S.C. §§1692e and 1692g.

39. The Seventh Circuit has held that at Defendant must list the "amount of the debt" because "[t]he unpaid principal balance is not the debt; it is only a part of the debt." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th Cir.2000).

40. "The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

41. The FDCPA, 15 U.S.C. §1692g(a)(1) requires disclosure of the "amount of the debt that is owed." What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt" provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be. *Veach v. Sheeks*, 316 F. 3d 690 - Court of Appeals, 7th Circuit 2003.

### V. POLICIES AND PRACTICES COMPLAINED OF

42. It is Defendants' policy and practice to send computer-generated, mass-produced, letters -- in the form of the ALLIED Letters in the form attached as **Exhibit 1** in connection with the collection of alleged mortgage debt in violation of 15 U.S.C. §§ 1692e, U.S.C. §§ 1692e (10) and U.S.C. §§ 1692g.

### VI. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

44. Defendant violated the FDCPA. Defendant's violation, with respect to their written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

b. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A); and

c. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10); and

d. Failing to properly identify the amount of the debt owed to the debt collector and not just the unpaid principle in violation of 15 U.S.C. § 1692g(a)(1); and

e. Failing to properly identify the creditor in violation of 15 U.S.C. § 1692g(a) (2); and

f. Failing to provide the Federal Verification and Dispute notice under 15 U.S.C. § 1692g; and

g. Failing to provide the Mini-Miranda notice under 15 U.S.C. § 1692e(11).

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c. Such further relief as the court deems just and proper.

### VII. SECOND CAUSE OF ACTION

**Count 2-Regulation of Collection Practices Act**

45. Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

   a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

   b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

      (ii) The legal rights of the debtor with the creditor using **Exhibit 1** as mentioned above.

   c. Defendants has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

   d. Defendants has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

-12-

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 10th Day of August, 2016.

                                     *s/ Brian P. Parker*
                                     Brian P. Parker, Esq. (P48617)
                                     LAW OFFICES OF BRIAN PARKER, P.C.
                                     *Attorneys for Plaintiff Stephanie and Matthew Walker.*